FILED

April 20, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 11:23 AM



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT NASHVILLE**

| | | |
|---|---|---|
| **DOUGLAS WILLIFORD,** | ) | |
| **Employee,** | ) | **Docket No. 2016-06-1933** |
| | ) | |
| **v.** | ) | **State File No. 7386-2015** |
| | ) | |
| **NEW BERN TRANSPORT,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | ) | |

**EXPEDITED HEARING ORDER DENYING**
**REQUEST FOR MEDICAL BENEFITS**
**(DECISION ON THE RECORD)**

This claim came before the Court on the request for expedited hearing filed by Douglas Williford. Mr. Williford asked the Court to enter an interlocutory order based on its review of the record without an evidentiary hearing. New Bern Transport, d/b/a Pepsi Company (Pepsi), conceded to the Court's review of the case without an evidentiary hearing, and the Court issued a docketing notice giving the parties until April 19, 2017, to file position statements.

Through this expedited hearing, Mr. Williford seeks medical and permanent disability benefits for a work-related knee injury. While the issue of permanent disability benefits is not appropriate for consideration at an expedited hearing, Pepsi questions the compensability of the claim, raising the statute of limitations as a defense. As explained below, the Court finds that Mr. Williford failed to file his petition for benefit (PBD) determination within the statute of limitations and, therefore, holds he is unlikely to prevail at a hearing on the merits in proving the compensability of his claim.

**History of Claim**

As Mr. Williford seeks a decision without an evidentiary hearing, the Court derived the claim history solely from the file documents. Factually, this claim concerns an accepted work-related knee injury. Pepsi challenges the compensability of the claim based on Mr. Williford's failure to file a PBD within the one year statute of limitations.

On December 10, 2014, Mr. Willford injured his left knee while working as a driver for Pepsi. Pepsi initiated temporary disability payments and provided medical benefits with Dr. David Moore. Dr. Moore diagnosed Mr. Williford with a medial meniscal tear, performed arthroscopic surgery, placed him at maximum medical improvement on May 7, 2015, and assigned an impairment rating of 1% to the body as a whole. Pepsi made its last temporary disability payment on May 22, 2015, and paid the last medical bill on June 9.

Shortly after Dr. Moore released Mr. Williford and assigned him an impairment rating, Pepsi offered to settle the claim. Mr. Williford, who returned to work for Pepsi, declined the offer, believing that it was too low.

On October 11, 2016, more than one year after Pepsi made both its last temporary disability and medical benefit payments, Mr. Williford filed a PBD seeking permanent disability and medical benefits. In the PBD and his affidavit in support of this request for expedited hearing, Mr. Williford stated that he did not know his medical care would be discontinued or his case closed because the statute of limitations expired. He also expressed difficulty getting in touch with the insurance adjuster handling his claim. He felt it was unfair that the insurer closed his case.

### Findings of Fact and Conclusions of Law

The following legal principles govern the Court's analysis of this claim. In order to ultimately prevail, Mr. Williford has the burden of proving all essential elements of his claim by a preponderance of the evidence. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an expedited hearing, however, his burden of proof is lower and requires him only to come forward with sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2016); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). Pepsi raised the affirmative defense that Mr. Williford's claim is time-barred by the statute of limitations. The Court agrees and holds Mr. Williford failed to carry his burden of proving a likelihood of success at a hearing on the merits because he filed his PBD beyond the statute of limitations.

Statutes of limitations exist to ensure fairness by prohibiting undue delay in bringing claims and to provide defendants timely notice of potential lawsuits. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554-55 (1974). In a workers' compensation case where the employer voluntarily pays benefits, the Workers' Compensation Law provides that the employee's "right to compensation shall be forever barred" unless the employee files a PBD within one year after "the date of the last authorized treatment or the time employer ceased to make payment of compensation to or on behalf of the employee." Tenn. Code Ann. § 50-6-203(b)(2) (2016). The employer

has the burden of producing facts to show that the statute of limitations bars a claim. Once the employer establishes those facts, the employee must prove that an exception exists or the claim is barred. *See Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 647 (Tenn. 2008) (citing *Ingram v. Earthman*, 993 S.W.2d 611, 633; *Jones v. Coal Creek Mining & Mfg. Co.*, 180 S.W. 179, 182 (Tenn. 1915).

Pepsi accepted this claim from the outset, providing Mr. Williford medical care and temporary disability benefits. Mr. Williford last treated with Dr. Moore on May 7, 2015. Additionally, Pepsi issued the final temporary disability payment on May 22 and paid the last medical bill on June 9 of that same year. Thereafter, Pepsi offered to settle the case, and Mr. Willford declined the offer.

After Mr. Williford had his last authorized treatment and Pepsi ceased making benefit payments, he had the responsibility to pursue his claim by timely filing a PBD. He did not file a PBD until October 11, 2016, more than one year after Pepsi ceased making payments on his behalf. Accordingly, the facts support Pepsi's statute of limitations defense and, unless Mr. Williford proves an exception that extends the statute of limitations, his claim is barred.

Essentially, Mr. Williford claims a lack of communication, coupled with his lack of knowledge concerning the Workers' Compensation Law, resulted in the statute of limitations expiring before he pursued his claim. In his affidavit, he explained he made fruitless attempts to contact his caseworker concerning the claim. Mr. Williford also stated he did not know his medical care would end once the statute of limitations expired and asserted Pepsi never told him about the termination of care. In fact, Pepsi never warned him that he had to file a PBD within any certain period of time. Under these circumstances, Mr. Williford argued it would be unfair for his claim to be barred by the statute of limitations.

While the Court sympathizes with Mr. Williford, his lack of knowledge concerning the statute of limitations will not extend the statute. *See Mosby v. McDowell Ctr. for Children*, 2014 Tenn. LEXIS 703, at *18-19 (Tenn. Workers' Comp. Panel Oct. 2, 2014) ("More than 170 years of Tennessee case law reveals a general public policy . . . mere ignorance of the law will not serve as an excuse for a litigant's error or omission."). Furthermore, Pepsi had no obligation to warn him the statute of limitations would expire if he failed to pursue his claim. Accordingly, the Court finds Mr. Williford's reason for failing to timely pursue his claim does not constitute an exception that would extend the statute of limitations.

The Court holds that Mr. Williford is unlikely to succeed at a hearing on the merits in proving the compensability of his claim because he failed to file a PBD before the statute of limitations expired.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Williford's claim for workers' compensation benefits is denied.

2. **This matter is set for a scheduling hearing on June 5, 2017, at 11:00 a.m. (CDT).** The Court will convene the scheduling hearing telephonically. The parties must dial (615) 741-2113 or (855) 874-0474 to participate. Failure to participate in the scheduling hearing may result in determination of issues without further input.

**ENTERED ON THIS THE 20TH DAY OF APRIL, 2017.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

1.  Incomplete Petition for Benefit Determination filed October 11, 2016
2.  Completed Petition for Benefit Determination filed December 14, 2016
3.  Dispute Certification Notice
4.  Request for Expedited Hearing
5.  Affidavit of Douglas Williford with attached document
6.  Medical Records of Dr. David R. Moore
7.  Email from Attorney Lewis to Jay Hicks, Mediation Specialist
8.  Wage Statement
9.  Physician Panel Form
10. Unsigned Letter from Douglas Williford dated January 23, 2017[1]
11. Notice of Intent to Use Business Records
12. Employer's Opposition Statement
13. Employer's Notice of Objection to Admissibility of Unsigned Letter

---

[1] Employer objected to the admissibility of this document. The Court sustains the objection. The Court did not consider this document when rendering its decision and has included the document in the case file for identification purposes only.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the __20th__ day of April, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Douglas Williford | X | | X | 7637 Kemberton Dr. East Nolensville, TN 37135 dougstepbay@sbcglobal.net |
| John R. Lewis | | | X | john@johnlewisattorney.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6